# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

SHIRLEY ANN BRIGNAC, ET AL          *CIVIL ACTION NO. 10-cv-0373

VS.                                                      *JUDGE MINALDI

CELADON TRUCKING SERVICES,        *MAGISTRATE JUDGE HILL
INC., ET AL

## RULING ON MOTION TO REMAND

On June 2, 2010, the undersigned heard oral argument on the Motion to
Remand  filed by plaintiff, Shirley Ann Brignac, on April 1, 2010 [rec. doc. 7],
and the Motion to Remand filed by plaintiffs, Martha Risa Brignac and Lazette
Marie Elliott, on April 19, 2010 [rec. doc. 13].  After hearing the arguments of
counsel, I took the matter under advisement.  For the following reasons, the
motion is **GRANTED**.

### *Background*

Plaintiffs, Shirley Ann Brignac, Lazette Marie Elliott, and Martha Risa
Brignac, brought this personal injury action for damages allegedly sustained after
they were involved in an automobile accident.  They assert that on April 29, 2009,
Shirley Ann Brignac was driving her vehicle westbound in the center lane along a
three-lane portion of Interstate 10 near Vinton, Louisiana.  Lazette Marie Elliott

("Elliott") and Martha Risa Brignac were passengers in the vehicle.

Shirley Ann Brignac alleges that after an 18-wheeler owned by Celadon Group, Inc. ("Celadon") merged in front of her into the center lane, she hit her brakes, and was rear-ended by a Gate Precast 18-wheeler driven by Michael A. Marr ("Marr").  She asserts that she and the Gate Precast 18-wheeler remained at the scene after the accident, but the Celadon truck did not stop.

On June 26, 2009, Shirley Brignac, Elliott, and Martha Risa Brignac filed suit in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, against Marr, Gate Precast, Celedon, Discover Property & Casualty Insurance Company, John Doe (Celadon's driver), Celadon and ABC Insurance Company. Plaintiffs filed an Amended Petition on June 29, 2009.  In November, 2009, plaintiffs' attorneys, Aaron Broussard ("Broussard") and Barry A. Roach ("Roach"), filed a Joint Motion and Order to Substitute Barry A. Roach as counsel for plaintiffs Elliott and Martha Risa Brignac. On February 2, 2010, plaintiffs, Shirley Ann Brignac, Elliott and Martha Risa Brignac, filed a Second Amended Petition for Damages.

On March 2, 2010 at 3:48 p.m., plaintiffs, Elliott and Martha Brignac, requested leave of court to file a Third Amended Petition for Damages in state court naming Shirley Ann Brignac as a defendant.  [rec. doc. 7, Exhibit C].  On

March 4, 2010, Judge G. Michael Canady signed an Order allowing the amendment.  [rec. doc. 7, Exhibit D].  On March 5, 2010, Broussard signed a Waiver or Service and Citation on behalf of Shirley Ann Brignac, which was filed into the state court record on March 8, 2010. [rec. doc. 7, Exhibit E].

On March 5, 2010 at 4:20 p.m., Celadon and Marr removed the action to this Court on the basis of diversity jurisdiction.  [rec. doc. 7, Exhibit F].  In the Notice of Removal, defendants asserted that were first put on notice that the amount in controversy exceeded $75,000.00 on February 12, 2010, when they received plaintiffs' responses to their discovery requests.

On April 1, 2010, Shirley Ann Brignac filed a Motion to Remand.  [rec. doc. 7].  On April 19, 2010, Martha Risa Brignac and Elliott filed a Motion to Remand. [rec. doc. 13].  Defendants filed opposition on April 22, 2010.  [rec. doc. 18]. Shirley Ann Brignac filed a reply to defendants' response on May 5, 2010.  [rec. doc. 27].  Celedon filed a Supplemental Memorandum in opposition to the motion to remand on May 14, 2010.  [rec. doc. 31].

On June 2, 2010, I heard oral argument on the motions, after which I took them under advisement.  [rec. doc. 32].

### *Legal Analysis*

Plaintiffs argues that this case should be remanded because: (1) Shirley Ann Brignac was named as a defendant before Celadon removed this case; thus, diversity was not complete, and (2) Celadon failed to obtain consent from Shirley Ann Brignac prior to removal.[1]

First, Shirley Ann Brignac contends that even though she had not been served before Celedon removed the case, removal was improper because she had been named as a defendant over two days prior to removal.  In support of this argument, she cites *Pullman Company v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939), which held that the fact that the resident defendant had not been served with process does not justify removal by the non-resident defendant in a non-separable controversy.  *Id.*, 305 U.S. at 541, 59 S.Ct. at 350.

Here, plaintiffs, Elliott and Martha Brignac, filed a  Third Amended Petition for Damages in state court naming Shirley Ann Brignac as a defendant on March 2, 2010.  Celadon and Marr removed this action on March 5, 2010, more than two days after leave was sought for the filing of the amending petition and one day after the state court trial judge granted leave.  [rec. doc. 7, Exhibits C, F].  It is

---

[1]Elliott and Martha Risa Brignac adopted Shirley Ann Brignac's memorandum. [rec. doc. 13].

4

well established that defendant's right to remove depends on plaintiffs' pleading at the time of the petition for removal.  *Pullman*, 305 U.S. at 537, 59 S.Ct. at 349.  At the time of removal, Shirley Ann Brignac, a  Louisiana resident, had been named as a defendant by plaintiffs Elliott and Martha Brignac, who are also Louisiana residents.  Thus, diversity did not exist at that time.

As the court stated in *Pullman*, "[i]t is always open to the non-resident defendant to show that the resident defendant has not been joined in good faith and  for that reason should not be considered in determining the right to remove." *Id*., 305 U.S. at 541, 59 S.Ct. at 350.  Here, defendants have not alleged that the joinder was fraudulent or improper. However, Celadon suggests that plaintiffs "made great effort" to keep their cumulated action out of federal court by failing to disclose the amount in controversy and by filing a "specious" cross-claim to destroy diversity. [rec. doc. 18, pp. 7-8].

Defendants argue that a cross-claim between co-parties will not destroy diversity jurisdiction because the federal courts may exercise ancillary jurisdiction over a properly asserted cross-claim, regardless of whether the cross-claim is filed in state court before removal, or in federal court after removal, citing *Keen v. Burlington Northern Santa Fe Corp*., 438 F.Supp.2d 724 (S.D. Tex. 2006) and *Williams v. Carmean*, 1999 WL 717645 (E.D. La. Sept. 13, 1999).  These cases

5

are distinguishable.

In *Keen*, a vehicle driver collided with a train.  The driver's  husband, who was a passenger in the car, filed suit in state court against the non-resident railroads and another individual. The wife/driver intervened as plaintiff, asserting claims against these defendants. On the same day, the husband/passenger amended his original petition to add his wife/driver as a defendant.  After the defendant railroads removed the case to federal court on the basis of diversity, the passenger/husband and driver/wife moved to remand on the grounds that she was a non-diverse defendant as to her husband/passenger. In response, the remaining defendant railroad argued that the driver/wife was actually a plaintiff, as demonstrated by her petition in intervention, and that the passenger's claims against her constituted a cross-claim.

In finding that diversity jurisdiction existed, the court noted that it was not controlled by the way plaintiff/passenger formally aligned the parties in his original pleading, but was duty-bound to look beyond the pleadings and arrange the parties according to their sides in the dispute.[2]  The court found that in the

---

[2]In its analysis, the court cited *Lowe v. Ingalls Shipbuilding, A Div. of Litton Systems, Inc.*, 723 F.2d 1173, 1177-1178 (5th Cir. 1984) (*citing* Wright, Miller & Cooper, *Federal Practice and Procedure*: *Jurisdiction* § 3605) for the generally accepted test of proper alignment, which is whether the parties with the same "ultimate interests" in the outcome of the action are on the same side.   This test is meant to ensure that there is an actual, substantial controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side.  *Id.* (*citing* § 3607 at 639, 641).

pleadings against the driver, the passenger had not actually pled a cause of action or specified any wrongdoing on the driver's part.  Thus, it held that the driver should be aligned as a plaintiff, not as a defendant.

Here, Elliott and Martha Risa Brignac alleged that "the proximate cause of the crash was the negligence of Shirley Ann Brignac." [rec. doc. 7, Exhibit C, ¶ 13].  Thus, unlike *Keen*, the passengers actually specified wrongdoing on her part. Accordingly, this case is distinguishable.

Similarly, in *Williams*, a driver and his guest passengers filed suit in state court against another vehicle driver and that vehicle's owner following an automobile accident.  After removing the case, defendants answered alleging that plaintiff driver had caused the accident.  That week, plaintiff driver hired new counsel to represent him, as his interests had become adverse to those of his co-plaintiffs.  Three days later, the passengers filed a supplemental and amending complaint, without objection, adding their driver as a defendant.

Defendants then  moved to strike the supplemental and amending complaint on the grounds that it was confected solely to destroy diversity.  Plaintiffs responded with a motion to remand, asserting that they had to add their driver in order to protect their own interests, and that defendants' own allegations against the plaintiff-driver necessitated adding him.  The court agreed with defendants,

finding it was apparent that plaintiffs' principal motivation in choosing to add their driver as a defendant was to destroy diversity. Thus, the court granted the motion to strike, denied the motion to remand, and retained jurisdiction.

Here, however, it does not appear that Elliott and Martha Brignac's principal motivation in adding Shirley Ann Brignac as a defendant was to destroy diversity.  A review of the pleadings shows that in November, 2009, Broussard and Roach filed a Joint Motion and Order to Substitute Roach as counsel for Elliott and Martha Risa Brignac.  This indicates that plaintiffs' attorneys were aware of a potential conflict regarding their representation of the passengers, Elliott and Martha Risa Brignac, and the driver, Shirley Ann Brignac as of that date.

On March 2, 2010, three days before Celadon and Marr removed this action on March 5, 2010, Elliott and Martha Brignac sought leave to file the Third Amended Petition for Damages in state court naming Shirley Ann Brignac as a defendant.[3]  [rec. doc. 7, Exhibits C, F].  Their allegations indicate that she was at fault in causing the accident.  Given the allegation of facts made in the pleadings and as stated at oral argument, this was a reasonable and prudent action on the part of counsel for the guest passengers to completely protect their interests.  Thus, I

---

[3]Again, leave to file the amended petition was granted on March 4, 2010.

8

find that the sole purpose of adding Shirley Brignac  was not to destroy diversity.

As held in *Pullman*, *supra*, the defendant's right to remove depends on plaintiffs' pleading at the time of the petition for removal. At the time of the removal, plaintiffs' pleading did not establish grounds for diversity jurisdiction. Accordingly, I find that the motion to remand must be granted.[4]

### *Conclusion*

Based on the foregoing reasons;

**IT IS ORDERED** that the motion to remand is **GRANTED**, and this case is hereby **REMANDED** to the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana.

**IT IS FURTHER ORDERED** that this Order is stayed for a period of **fourteen days** from the date of this Order to allow for an appeal of this Order to the district judge.

July 2, 2010, at Lafayette, Louisiana.

C. Michael Hill

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

---

[4]Because I find that the motion to remand should be granted on the basis of lack of diversity, it is not necessary to address plaintiffs' argument regarding Shirley Ann Brignac's lack of consent to the removal,