RECEIVED
IN LAKE CHARLES, LA.

DEC - 1 2010

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SHIRLEY ANN BRIGNAC, LAZETTE MARIE ELLIOTT, and MARTHA RISA BRIGNAC | : | DOCKET NO. 2:10 CV 373 |
| VS. | : | JUDGE MINALDI |
| CELADON GROUP, INC., GATE PRECAST CO., MICHAEL A. MARR, DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, JOHN DOE, and ABC INSURANCE COMPANY | : | MAGISTRATE JUDGE HILL |

## MEMORANDUM ORDER

Before the Court is the defendants', Celadon Trucking Services, et al ("the defendants"), Motion to Appeal the Magistrate Judge's Remand Order [doc. 35]. The plaintiffs, Shirley Ann Brignac, Lazette Marie Elliot ("Elliot"), and Martha Risa Brignac, filed an Opposition [docs. 37 & 38].

## FACTS

The plaintiffs brought this personal injury lawsuit for damages allegedly sustained in an automobile accident. Shirley Brignac claims that an 18-wheeler owned by Celadon Group, Inc. ("Celadon") merged directly in front of her as she drove her vehicle on Interstate 10. As a result, she was required to apply her brakes, causing a Gate Precast Co. ("Gate Precast") 18-wheeler driven by Michael Marr ("Marr") to rear-end her vehicle. The passengers, Shirley Brignac and Elliot, were allegedly injured in the accident. While Marr remained at the scene after the accident, the Celadon truck driver did not stop.[1]

---

[1] Notice of Removal, Ex. 4, ¶ 9 [doc. 1-4].

1

On June 26, 2009, Shirley Brignac, Elliot, and Martha Brignac filed this lawsuit in the 14th Judicial District Court, Calcasieu Parish against Marr, Gate Precast, Celadon, Discover Property & Casualty Insurance Co. ("Discover"), John Doe (Celadon's driver), and ABC Insurance Co. ("ABC").[2] A little over seven months later, the plaintiffs filed a second amended petition for damages.[3]

On March 2, 2010, Elliot and Martha Brignac requested leave of court to file a Third Amended Petition for Damages, naming Shirley Brignac as a defendant.[4] The court granted this request.[5] Just days later, Celadon and Marr removed the action to this Court based on diversity jurisdiction. The parties do not dispute that before Elliot and Martha Brignac filed the Third Amended Petition for Damages there was complete diversity between the plaintiffs and defendants. The only issue was the amount in controversy. The defendants asserted in their Notice of Removal that they were first put on notice that the amount in controversy exceeded $75,000 on February 12, 2010, after receiving the plaintiffs' discovery responses.

Shirley Brignac filed a Motion to Remand, noting that the Third Amended Complaint destroyed diversity. Over two weeks later, Martha Brignac and Elliot joined in the Motion to Remand. The defendants filed an Opposition, insisting that the Third Amended Complaint did

---

[2] Notice of Removal, Ex. 4, Pet. for Damages [doc. 1-4]. "For purposes of removal. . . , the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. §1441(a). Thus, the citizenship of John Doe and ABC Insurance may be disregarded.

[3] Notice of Removal, Ex. 4, Am. Pet. for Damages [doc. 1-4].

[4] Pls.' Mot. to Remand, Ex. C [doc. 7]. The Magistrate Judge appeared to treat the amended complaint as a cross-claim. In fact, all of the parties agree that the Third Amended Complaint, naming Shirley Brignac as a defendant, was a cross-claim.

[5] Pls.' Mot. to Remand, Ex. D [doc. 7].

not destroy diversity since the plaintiffs should be realigned according to their true interests as co-plaintiffs. The Magistrate Judge granted the plaintiffs' Motion to Remand on July 2, 2010.[6]

Citing *Pullman Company v. Jenkins*, 305 U.S. 534 (1939), the Magistrate Judge held that the Third Amended Complaint, naming Shirley Brignac as a defendant on March 2, 2010, precluded the defendant from removing the case because diversity jurisdiction must exist at the time of removal. Since Elliot and Martha Brignac amended their complaint before the defendants removed this case to federal court, removal was improper.[7]

The Magistrate Judge further found that the parties should not be realigned, distinguishing the two cases cited by the defendants in their response to the plaintiffs' remand motion: *Keen v. Burlington Northern Sante Fe Corp.*, 438 F. Supp. 2d 724 (S.D. Tex. 2006) and *Williams v. Carmean*, 1999 WL 717645 (E.D.La. Sept. 13, 1999). In distinguishing *Keen*, the court noted some factual similarities. For instance, the lawsuit involved an automobile accident in which two of the three plaintiffs raised causes of action against a co-plaintiff, the driver of the vehicle. Ultimately, however, the Magistrate Judge found that the case turned on the alignment of the parties in the original pleadings. Since the plaintiffs in *Keen* "had not actually [pleaded] a cause of action or specified any wrongdoing on the driver's part," the district court aligned the plaintiff driver as a plaintiff, not a defendant. The Magistrate Judge reasoned that "unlike [the co-plaintiffs in] *Keen*, the passengers [here] actually specified wrongdoing on [the driver's] part."[8]

---

[6] Order Granting Mot. to Remand, July 2, 2010.

[7] *Id.* at 4-5.

[8] *Id.* at 6-7.

3

The Magistrate Judge next distinguished *Williams*. Again, the Magistrate Judge highlighted the similarities between the facts in *Williams* and this case: for instance, in *Williams*, a driver and guest passenger filed suit as co-plaintiffs against the defendant after sustaining injuries in an automobile accident. The guest passenger amended the complaint to add the driver as a defendant, thereby destroying diversity jurisdiction. However, the Magistrate Judge found that the district court in *Williams* retained jurisdiction principally because the passenger's motivation in amending the complaint was to destroy diversity jurisdiction. After finding that the co-plaintiffs here did not amend their complaint to destroy diversity, the Magistrate Judge held that the district court's holding in *Williams* was inapplicable.[9] Accordingly, the Magistrate Judge granted the plaintiffs' motion to remand.[10]

## STANDARD OF REVIEW

Magistrate judges are empowered by the United States Code to "hear and determine" non-dispositive pretrial motions. 28 U.S.C. § 636(b)(1)(A) (2006). If a party is dissatisfied with a magistrate judge's ruling, it may appeal to the district judge, who may reconsider the ruling and reverse it "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see also* Fed. R. Civ. P. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). A finding is clearly erroneous when a reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2007) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## ANALYSIS

---

[9] *Id.* at 7-8.

[10] *Id.* at 9.

Although the Magistrate Judge properly applied the legal principles presented to him, there is one significant aspect of this case that calls into question the underlying rationale of the Magistrate Judge's ruling: The parties classified the Third Amended Petition as a cross-claim.[11] Indeed, when a plaintiff files a complaint against a co-plaintiff in the event that the co-plaintiff is liable for comparative fault, the proper mechanism is to file a cross-claim. *See, e.g., Williams*, 1999 WL 717645, at *2. As a result, the Magistrate Judge's reliance on the plaintiffs' motivation in filing the Third Amended Petition as it applied to the alignment of parties was improper. The proper alignment of the parties was not at issue. Rather, the issue was whether the cross-claim would divest the federal court of subject matter jurisdiction. Much of the confusion likely stemmed from the holdings in the two cases cited by the defendants. As the Magistrate Judge correctly found, those rulings are inapplicable to this case. Nevertheless, those rulings contain relevant dicta.

In *Keen*, the court explained that a plaintiff could raise a cause of action against his co-plaintiff without divesting the federal court of subject matter jurisdiction. 438 F. Supp. 2d at 728. In that a case, a passenger alleged injuries in a vehicle collision against three non-resident defendants. The driver of the vehicle, the injured passenger's wife, intervened as a plaintiff to assert claims against the same defendants. *Id.* The driver's daughter later intervened to assert claims against the same defendants but also asserted a claim against her mother, the driver. *Id.* The same day, the passenger amended his petition to add the driver as a defendant. *Id.* The court realigned the parties because "their interests in a recovery are actually aimed at [the non-resident defendants]." *Id.* at 727.

---

[11] Remand Hr'g Tr. 5:13-15 June 2, 2010 [doc. 35-5] ("THE COURT: You agree that the pleading that you styled as your third amending petition is in fact a cross-claim? MR. BROUSSARD: Yes, Your Honor, that's correct."); Defs' Mem. in Supp. of Appeal [doc. 35]; Pls.' Opp'n [doc. 37].

5

Once the parties were properly realigned, the court went on to explain that "[t]he cross-claims against [the driver] will not destroy diversity jurisdiction as the federal courts can exercise ancillary jurisdiction over a properly asserted cross-claim." *Id.* at 728. The claims between the plaintiffs would be properly before the court because they all related to the accident at issue, satisfying Rule 13(g) and § 1367's relatedness requirement. *Id.* The court therefore noted that the plaintiff could still obtain relief from his co-plaintiff without precluding the federal court from exercising jurisdiction because the court had ancillary jurisdiction over the cross-claim. *Id.*

In *Williams*, moreover, the court similarly noted that a cross-claim will not destroy diversity jurisdiction. 1999 WL 717645 at *2-3. The three plaintiffs in that case sustained injuries in an automobile accident. *Id.* at *1. One of the plaintiffs drove the vehicle; the other two plaintiffs were passengers in the vehicle. *Id.* Collectively, the plaintiffs sued three diverse defendants in state court, and the defendants removed the lawsuit to federal court. *Id.* Two months after filing their original complaint, the two injured passengers amended their complaint to add the driver as a defendant and thereby destroy diversity. *Id.* The defendants sought to strike the amended complaint, arguing that it was confected solely to divest the federal court of jurisdiction. *Id.* The plaintiffs sought to remand the case back to state court. *Id.*

The court first noted that it must "balance the defendant's interest in retaining the federal forum with [the] plaintiffs' competing interest in avoiding parallel federal/state lawsuits," to determine whether it should grant an amendment that would defeat diversity jurisdiction. *Id.* (applying 28 U.S.C. § 1447(e) (2006)). Applying the Fifth Circuit's *Hensgens* factors, the court considered (1) "the purpose of the amendment . . ., (2) whether the plaintiff has been dilatory in asking for [an] amendment, (3) whether the plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities." *Id.* (quoting *Hengens v. Deere &*

6

*Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). The passengers asserted that their motivation for amending the complaint was, in part, to protect their interests. *Id.* at *2. The court did not refute this contention, but it did find that the proper mechanism for asserting a claim against a co-plaintiff is to file a cross-claim under Federal Rule of Civil Procedure 13(g). *Id.* The Court further explained that the addition of a cross-claim would not preclude the federal court from exercising jurisdiction over the lawsuit. *Id.*

After finding that the co-plaintiffs should have filed a cross-claim, the court held that "the plaintiffs' motion to remand must be denied," striking the amendment from the record. *Id.* at *2-3. In applying the *Hensgens* factors, the court first reasoned that it "appear[ed] that the plaintiffs' principal motivation in choosing to add [the driver] as a defendant, rather than file a cross-claim against him, was to destroy diversity." *Id.* at 2. Its sole justification was that the passengers should have filed a cross-claim. *Id.* Next, it explained that "allowing [the] plaintiffs to assert a cross-claim affords the same protection they seek in amending their complaint," but also stated that an amendment about two and one-half months after filing the original complaint weighs in favor of no particular position. *Id.* Finally, the court noted that the plaintiffs will suffer no injury in filing a cross-claim, which "weigh[ed] in favor of granting the defendants' motion to strike." *Id.*

As the courts highlighted in both *Williams* and *Keen*, the Fifth Circuit has consistently held that if a federal court has jurisdiction over the original action, it also has supplemental jurisdiction over cross-claims asserted in that action. *Keen*, 38 F. Supp. 2d at 728; *Williams*, 1999 WL 717645 at *2-3; *see also Zurn Indus., Inc. v. Acton Constr. Co.*, 847 F.2d 234, 237 (5th Cir. 1988); *Travelers Ins. Co. v. First Nat'l Bank of Shreveport*, 675 F.2d 633, 638 (5th Cir. 1982); *Amco Constr. Co. v. Miss. State Bldg. Comm'n*, 602 F.2d 730, 732 (5th Cir. 1979); *Scott*

*v. Fancher*, 369 F.2d 842, 843-44 (5th Cir. 1966).[12] Indeed, under §1367(a), if a district court has original jurisdiction over a cause of action, "the district court[] *shall* have supplemental jurisdiction over all other claims that are so related to [the original cause of action] that they form part of the same case or controversy." 28 U.S.C. § 1367(a) (2006) (emphasis added). While § 1367(b) restricts a district court's exercise of supplemental jurisdiction in diversity cases, that provision only applies in certain claims by plaintiffs under specific procedural rules. *Id.* at § 1367(b). Rule 13, the rule governing cross-claims, is not included in § 1367(b). *Id.* Furthermore, under Rule 13(g), a cross-claim is proper if it is a claim by one party against a co-party that arises out of the same transaction or occurrence of the original action. Fed. R. Civ. P. 13(g). Because, as a procedural matter, cross-claims in federal practice are restricted to related claims, in this instance by Rule 13(g), supplemental jurisdiction is also applicable to support cross-claims. *See* 28 U.S.C. § 1367(a).

Here, the cross-claim against Shirley Brignac meets the relatedness requirements of both Rule 13(g) and § 1367(a) because it is "by one party against a co-party arising out of the transaction or occurrence [i.e. the automobile accident] that is the subject matter . . . of the original action," and the claims "are so related as to form part of the same case or controversy." Fed. R. Civ. Pro. 13(g); 28 U.S.C. § 1367(a). The parties also do not dispute that before the plaintiffs filed their cross-claim, naming Shirley Brignac as a defendant, the federal court had original jurisdiction over the claim. Thus, subject matter jurisdiction exists over the cross-claim. 28 U.S.C. § 1367(a); *see also Scott*, 369 F.2d at 843-44 (holding that ancillary jurisdiction over a

---

[12] It appears the plaintiffs argue that courts may not exercise supplemental jurisdiction over all cross-claims. Pls.' Mem. in Opp'n. to Appeal of Magistrate Judge's Order, 3 ("After reading Celadon's brief, one would think that cross-claims are never considered in determining diversity jurisdiction"). §1367(c) does provide circumstances where a district court may decline to exercise supplemental jurisdiction. None of those situations are relevant in this case.

8

cross-claim between non-diverse defendants was proper because the plaintiff was diverse). This Court further finds that the defendants properly removed this case.[13] Accordingly, it is

ORDERED that the Magistrate Judge's Order is hereby REVERSED.

IT IS FURTHER ORDERED that the plaintiffs' motion to remand is DENIED.

Lake Charles, Louisiana, this 30 day of November 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[13] Pls.' Opp'n. 3 ("Celadon wants to ignore Shirley Brignac's residence in Louisiana[ ] because she was named as a defendant in a cross claim); Defs.' Mem. in Supp. of Appeal 3. All defendants are diverse from the three plaintiffs, and the amount satisfies the requisite amount in controversy. *See* Notice of Removal ¶¶ 1-7; *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005). Thus, this court has subject matter jurisdiction. 28 U.S.C. § 1332. The only contention with respect to removal procedure is that Shirley Brignac's consent was required to effect removal. Since Shirley Brignac is a defendant to the cross-claim and not the principle claim; her consent is not required to effect removal under 28 U.S.C. § 1441(a) & (c).

9