RECEIVED
IN LAKE CHARLES, LA

FEB -3 2011

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SHIRLEY ANN BRIGNAC, LAZETTE MARIE ELLIOT, and MARTHA RISA BRIGNAC | : | DOCKET NO. 2:10 CV373 |
| VS. | : | JUDGE MINALDI |
| CELADON GROUP, INC., GATE PRECAST CO., MICHAEL A. MARR, DISCOVER PROPERTY & CASUALTY INSURANCE CO., JOHN DOE, and ABC INSURANCE CO. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion for Reconsideration, filed by the plaintiff, Shirley Ann Brignac [Doc. 40]. The defendant, Celadon Trucking Services ("Celadon"), filed an Opposition [Doc. 43].

## FACTS

The relevant facts and law of this case are already set out in this Court's earlier Memorandum Order [Doc. 39]. In its Motion for Reconsideration, which the court construes as a Rule 59 Motion to Alter or Amend, the plaintiff claims that this Court's earlier ruling rests on an inaccurate application of the law. First, the plaintiff argues that this Court did not have jurisdiction over the case before the plaintiffs filed their cross-claim. Next, the plaintiff contends that supplemental jurisdiction applies only when the case is already pending in federal court. As a result, the plaintiff asserts that because the cross-claim was filed before the defendants sought removal, the cross-claim destroyed diversity jurisdiction. Thus, this Court does not have subject

1

matter jurisdiction over this case.[1] Celadon simply responds by arguing that this Court properly reversed the Magistrate Judge's ruling.[2]

## STANDARD FOR ALTERING OR AMENDING JUDGMENT

A district court has considerable discretion to grant or deny a Rule 59(e) motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993); *Lakes of Gum Cove Hunting & Fishing, L.L.C. v. Weeks Marine, Inc.*, 182 F. Supp. 2d 537, 545-46 (W.D.La. 2001). In exercising its discretion, the Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Banning Co.*, 6 F.3d at 355. Reconsideration, however, "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). It "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Thus, to succeed on a Rule 59(e) motion, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005); *see also Templet*, 367 F.3d at 479 ("[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration"). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478-79.

## ANALYSIS

Although the plaintiff questions the phrasing[3] of this Court's Memorandum Order, her ultimate argument is that this Court may not exercise supplemental jurisdiction in a case

---

[1] Pl.'s Mot. for Recons. 1-2 [Doc. 40]. In addition, the plaintiff agrees that this Court would have jurisdiction, if not for the cross-claim.

[2] *See* Def.'s Opp'n [Doc. 43].

originating in state court and removed to federal court. More specifically, she contends that supplemental jurisdiction applies only when the case is already pending in federal court.[4] Therefore, according to the plaintiff, since she filed her cross-claim before the defendant sought removal, the cross-claim divested this Court of subject matter jurisdiction.[5]

The Supreme Court, however, has held that 28 U.S.C. § 1367 applies to supplemental claims filed in state court where the cause of action is later removed to federal court. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (Applying § 1367 to additional state law claims filed before removal and holding that "[§ 1367] applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one "of which the district courts . . . have original jurisdiction"); *see also Keen v. Burlington Northern Santa Fe Corp.*, 438 F. Supp. 2d 724, 726-28 (S.D. Tex. 2006) (holding that federal district court

---

[3] The plaintiffs take issue with this phrase: "before the plaintiffs filed their cross-claim, naming Shirley Brignac as a defendant, [this Court] had original jurisdiction over the case." They argue that this Court did not have original jurisdiction over the cause of action until the case had been removed. Contrary to the plaintiffs' assertion, original jurisdiction is not synonymous with removal jurisdiction; it merely distinguishes between the power of a court to hear a case in the first instance or consider a case in its appellate capacity. *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 452 (1943); *Railway Co. v. Whitton's Adm'r*, 80 U.S. (13 Wall.) 270, 287 (1871). Regardless, once the case was removed, this Court had original jurisdiction over the cause of action, and thus could exercise supplemental jurisdiction over the cross claim because it constituted an "other claim[] that form[ed] part of the same case or controversy." 28 U.S.C. § 1367(a).

[4] To apply the plaintiff's argument to a relevant, but different, context: imagine a lawsuit filed by party P in state court that exceeds the requisite amount in controversy and is against a diverse party, D. According to the plaintiff's reasoning, if D asserts a compulsory counterclaim against P the next day for $10,000 and three days later seeks removal of the case to federal court, then the compulsory counterclaim would, at most, destroy diversity jurisdiction, or, at least, not be removable to federal court since § 1367 would not apply to the counterclaim. Such a reading of the statute is both counterintuitive and contrary to an intended benefit of § 1367: judicial economy.

[5] Notably, the plaintiff cites to no precedent for the proposition that supplemental jurisdiction does not apply to claims filed before removal.

retained jurisdiction over the plaintiffs' pre-removal cross-claims under § 1367); Joan Steinman, *Supplemental Jurisdiction in §1441 Removed Cases: An Unsurveyed Frontier of Congress' Handiwork*, 35 ARIZ. L. REV. 305, 308-10 (1993) (observing that arguments against application of § 1367 to removed cases "are weak"). Whether a supplemental claim is filed before removal or after removal is irrelevant. As the Supreme Court has held, § 1367 applies equally to supplemental claims originating in either state or federal court. Thus, a cross-claim filed before removal will not divest this Court of subject matter jurisdiction. Accordingly, it is

ORDERED that the plaintiff's Motion for Reconsideration is hereby DENIED.

Lake Charles, Louisiana, this 3 day of February, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

4