RECEIVED
IN LAKE CHARLES, LA.

JAN 19 2012

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SHIRLEY ANN BRIGNAC, ET AL. | : | DOCKET NO. 2:10 CV 373 |
| VS. | : | JUDGE MINALDI |
| CELADON TRUCKING SERVICES, INC. | : | MAGISTRATE JUDGE HILL |

## MEMORANDUM ORDER

Before the court is a Motion in Limine to Exclude Cell Phone Records [Doc. 72], filed by the defendant, Celadon Trucking Services, Inc. ("Celadon"). The plaintiffs, Shirley Brignac and Avey Goodly, filed an Opposition [Doc 101].

### BACKGROUND

The plaintiffs brought this personal injury lawsuit for damages allegedly sustained in an automobile accident that occurred on April 29, 2009. Ms. Brignac claims that an 18-wheeler owned by Celadon merged directly in front of her as she drove her vehicle on Interstate 10. As a result, she was required to apply her brakes, causing another 18-wheeler to rear-end her vehicle. The driver of the truck allegedly owned by Celadon did not stop at the scene of the accident. Celadon admits that two of its drivers were in the vicinity of the accident but denies their involvement. The plaintiffs, however, maintain that the driver was former Celadon owner and operator Steven Montgomery. In this motion, Celadon seeks to prevent the plaintiffs from introducing Mr. Montgomery's cell phone records at trial. Additionally, Celadon requests that the court exclude the deposition testimony of Celadon Vice President of Safety Bill Osborne insofar as it relates to those records.

## ANALYSIS

### I. Mr. Montgomery's Cell Phone Records

Celadon asserts four grounds for excluding Mr. Montgomery's cell phone records. First, it argues that the records are irrelevant. Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Irrelevant evidence is not admissible. Fed. R. Evid. 402.

Celadon anticipates that the plaintiffs will attempt to introduce Mr. Montgomery's cell phone records to show that Mr. Montgomery was present at the scene of the accident. It argues, however, that the records have no probative value for that purpose.

For each call, the records reveal only the time and date of the call, its duration, the telephone number of the caller, and the telephone number dialed. They do not contain any information about the location from which the call was made or the contents of the conversation that occurred during the call. Celadon argues that the fact that Mr. Montgomery made certain calls around the time of the accident has no bearing on his location at that time. Moreover, it argues that because the telephone records do not indicate whether Mr. Montgomery was actually in possession of the phone at the time of any call, the records are not relevant to show that Mr. Montgomery talked to any particular person at any particular time.

The plaintiffs answer that the fact that Mr. Montgomery called Celadon several times within a few minutes of the accident is relevant to show that Mr. Montgomery was acting within the scope of his employment at the time of the accident, which Celadon has denied. Additionally, the plaintiffs argue that Mr. Montgomery's calls to his employer at that time have impeachment value because they contradict Mr. Montgomery's logbook entry stating that he was off duty at

that time. Finally, the plaintiffs assert that the fact that Mr. Montgomery called and spoke with Celadon's attorney for over thirty minutes several months after the accident occurred suggests that Mr. Montgomery might have been involved in the wreck.

The court agrees that the records are relevant for each of these reasons. Moreover, the fact that Mr. Montgomery may not have been in possession of his phone at the time any call was made does not render the calls irrelevant. A reasonable juror could infer that because the calls were made from Mr. Montgomery's phone, it is more likely than not that Mr. Montgomery made them. *See* Fed. R. Evid. 104(b) (where the relevance of evidence depends on existence of a fact, the court may exclude the evidence as irrelevant only where there is insufficient evidence to support a jury finding of that fact).

Celadon goes on to argue that any probative value the records may have is outweighed by the risk of unfair prejudice. In particular, Celadon argues that the jury might infer that because Mr. Montgomery called a dispatching number after the incident occurred, he must have done something wrong.

Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of *unfair* prejudice." Fed. R. Evid. 403 (emphasis added). Prejudice alone is not sufficient to warrant exclusion under Rule 403. *See United States v. Sprick*, 233 F.3d 845, 856 (5th Cir. 2000). Rather, evidence should only be excluded under Rule 403 if it is likely to influence the jury in an improper way. *Id.* Celadon has not shown that it would be improper for the jury to infer that Mr. Montgomery might have called his employer immediately after the accident because he was in fact involved in it, nor has it shown that the risk that the jury would do so substantially outweighs its probative value for other purposes.

Finally, Celadon argues that the cell phone records are not properly authenticated and that they are inadmissible hearsay because the plaintiffs have failed to lay a proper foundation for their admission under the business record exception to the hearsay rule. The plaintiffs, however attached proper authentication to their Opposition.[1] The records are therefore admissible.

## II.   Bill Osborne's Deposition Testimony Regarding the Records

Celadon next argues that the portions of the deposition testimony of Celadon officer Bill Osborn regarding the records should be excluded because the plaintiffs failed to give Celadon proper notice of its intent to inquire about them. Under Rule 30(b)6) of the Federal Rules of Civil Procedure, a party naming a corporation as a deponent must "describe with reasonable particularity the matters on which examination is requested." There is nothing in the text of Rule 30(b)(6), however, which indicates that the scope of the deposition should be limited to matters listed in the Rule 30(b)(6) notice. Moreover, Rule 30(b)(6) goes on to provide that a person designated by a corporation to testify on its behalf "shall testify as to matters known or reasonably available to the organization." Accordingly, the vast majority of courts to address the issue have held that a corporate deponent may be questioned about subjects other than those identified in the Rule 30(b)(6) notice. *See Am. Gen. Life Ins. Co. v. Billard*, No. 10-1012, 2010 U.S. Dist. LEXIS 114961 at *9-12 (N.D. Iowa Oct. 28, 2010); *Philbrick v. Enom, Inc.*, 593 F. Supp. 2d 352, 363 (D.N.H. 2009); *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 366 (N.D. Cal. 2000); *Cabot Corp. v. Yamulla Enterprises, Inc.*, 194 F.R.D. 499 (M.D. Pa. 2000); *Overseas Private Inv. Corp. v. Mandelbaum*, 185 F.R.D. 67 (D.D.C. 1999). *But see Paparelli v. Prudential Ins. Co. of America*, 108 F.R.D. 727 (D. Mass. 1985). The court adopts

---

[1] Pls.' Opp. to Celadon's Mot. in Limine Ex. C [Doc. 101-3].

the majority view and holds that the scope of a Rule 30(b)(6) is not limited to the topics designated in the Rule 30(b)(6) notice. Accordingly, it is

ORDERED that the motion is DENIED.

Lake Charles, Louisiana, this 19 day of January 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE