RECEIVED
IN LAKE CHARLES, LA.

JAN 19 2012

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SHIRLEY ANN BRIGNAC, ET AL.** | : | **DOCKET NO. 2:10CV373** |
| **VS.** | : | **JUDGE MINALDI** |
| **CELADON TRUCKING SERVICES, INC., ET AL.** | : | **MAGISTRATE JUDGE HILL** |

MEMORANDUM RULING

Before the court are Celadon's Objections (Rec. Doc. 83) to the admissibility of certain documents included on the Plaintiff's Exhibit List for the trial beginning on January 23, 2012. There has been no response filed by the Plaintiff.

The objection to the written statement of Joseph McDiffet, to the AT&T cell phone records of Steven Montgomery, and to the life expectancy and work-life tables are duplicative. These arguments have been made and are being addressed in rulings on corresponding Motions in Limine.

Celadon objects to the admissibility of what the Plaintiffs describe as "any and all discovery and/or discovery responses provided by any party in this litigation." Celadon's objection is deferred to trial.

Celadon objects to the admissibility of "correspondence or documents between the parties to this litigation." This objection is deferred to trial. It is incumbent upon the party seeking to introduce such documents to lay a proper foundation and to establish relevance. Correspondence exchanged between counsel, especially correspondence concerning settlement negotiations is not admissible.

Celadon objects to the admissibility of "any and all medical records from any provider for the care and treatment of any other party to this litigation" and "any and all medical billing records for any provider for the care and treatment of any other party to this litigation." This objection is deferred to trial. The

introduction of medical records and/or billing from the treatment of any other party is irrelevant.

Celadon objects to the admissibility of the transcribed statement of Martha Brignac at trial. This objection is SUSTAINED. The Plaintiffs indicate on their pretrial statement that Martha Brignac is being called as a witness at trial. If Martha Brignac is called as a witness, the statement may be used for impeachment purposes. If she is not called as a witness, the statement is inadmissible because it is hearsay. Fed.R. Evid. 801 (a), (b), (c). The Plaintiff would need to assert an exception to the hearsay rule and lay a proper foundation for admissibility of this statement.

Celdaon objects to the admissibility of the "Confidential Investigative Report of Advanced Surveillance Group." This objection is SUSTAINED. The Plaintiffs hired an investigator to pose as a potential buyer of Steven Montgomery's truck. The investigator wrote a report about his meeting with Montgomery. This report is irrelevant as it does not pertain to the April 29, 2009, accident which is the subject of this litigation. This report is also excludable as hearsay.

Lastly, Celadon objects to the admissibility of the "Internet 'For Sale' advertisement for Steven Montgomery's Truck." This objection is SUSTAINED. Celadon has admitted that Montgomery drove a Freightliner Classic during his contract with Celadon, therefore this evidence would be cumulative. Fed.R.Evid. 403.

Lake Charles, Louisiana, this __19__ day of January, 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE