RECEIVED
IN LAKE CHARLES, LA.
JAN 19 2012
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SHIRLEY ANN BRIGNAC, ET AL.** | : | **DOCKET NO. 2:10CV373** |
| VS. | : | JUDGE MINALDI |
| **CELADON TRUCKING SERVICES, INC., ET AL.** | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court are the Plaintiffs' Objections (Rec. Doc. 105) to the admissibility of certain documents included on Celadon's Exhibit List for the trial beginning on January 23, 2012. There has been no response filed by Celadon Trucking Services ("Celadon") and Gate Precast Co. ("Gate").

The Plaintiffs object to the admissibility of an accident report from a previous wreck in which Shirley Brignac was a passenger. This objection is SUSTAINED. First of all, the Plaintiffs allege that this document was never produced in discovery. A sanction for failure to produce a document may be exclusion of that document as evidence. Second, any attempt to use this document to establish a prior injury without corresponding medical evidence is prohibited as the report, standing alone is hearsay and irrelevant.

The Plaintiffs object to the introduction of employment records from Delta Downs. This objection is SUSTAINED. This document, standing alone, is hearsay. There is nothing in the record to authenticate this exhibit, nor are any witnesses from Delta Downs listed on the Defendants' Will Call list.

The Plaintiffs object to the admissibility of medical expenses indexes. The Defendants have

identified "old medical expenses indexes" as exhibits for trial. The Plaintiffs assert that these documents were never identified in discovery or in pre-trial briefs. This objection is SUSTAINED. These indexes are inadmissible unless the Defendants can prove relevance, authenticate them, and lay a proper foundation.

Lake Charles, Louisiana, this 19 day of January, 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE